UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MYRLE CUMMINS,

                      Plaintiff,                **MEMORANDUM & ORDER**
                                                                                 14-CV-5121 (MKB) (LB)

                      v.

SELECT PORTFOLIO SERVICING, INC. and
MERSCORP HOLDINGS INC., *formerly known as*
MERS/MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                      Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On August 4, 2014, Plaintiff, proceeding *pro se*, commenced the above-captioned action against Defendants Select Portfolio Servicing, Inc. ("SPS") and MERSCORP Holdings Inc. ("MERSCORP"), alleging that Defendants violated the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. §§ 1962–1968 ("RICO"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (the "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 (the "FCRA").[1] Plaintiff also alleges that Defendants violated her rights under New York Executive Law § 63(12) and New York Real Property Law ("NYRPL") Article 9, and she seeks to quiet title on her real property and requests a declaratory judgment of rights as to that property. (Compl. ¶¶ 20–37, Docket Entry No. 1.) At a conference on March 20, 2015, the Court dismissed Plaintiff's Complaint and granted Plaintiff leave to file an Amended Complaint.

---

[1] Plaintiff filed suit in the U.S. District Court for the Southern District of New York. On August 29, 2014, the case was transferred to the U.S. District Court for the Eastern District of New York. (Transfer Order, Docket Entry No. 4.)

(Order dated March 20, 2015.) Plaintiff filed an Amended Complaint on August 11, 2015, (Am. Compl., Docket Entry No. 24), and on November 4, 2015, Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Def. Notice of Mot. to Dismiss, Docket Entry No. 26). On May 11, 2016, the Court referred Defendants' motion to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated May 11, 2016.) On August 23, 2016, Judge Bloom issued a report and recommendation (the "R&R"), recommending that the Court grant Defendants' motion to dismiss as to all of Plaintiff's claims. (R&R 1, Docket Entry No. 33.) On September 9, 2016, Plaintiff timely filed objections to the R&R. (Pl. Obj. and Response to Magistrate's R&R ("Pl. Obj."), Docket Entry No. 34.) For the reasons set forth below, the Court adopts Judge Bloom's R&R in its entirety.

## I. Background

The following facts are taken from the Complaint and the attached exhibits and are accepted as true for the purpose of deciding the motion.

On April 5, 1994, Plaintiff purchased residential property at 26 Durland Place in Brooklyn, New York (the "Property"). (Am. Compl. ¶¶ 7–8; *see* Portion of Deed at 2, annexed to Am. Compl. as Ex. A.) Plaintiff executed multiple mortgages on the Property that were in turn assigned to different lenders. (*See* Am. Compl. ¶¶ 9–12.) Plaintiff contests the validity of

---

[2] "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to *matters of which judicial notice may be taken*." *Wilson v. Kellogg Co.*, 628 F. App'x 59, 60 (2d Cir. 2016) (emphasis added) (quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)). The Amended Complaint attaches as exhibits public documents related to the Property. Because several of the exhibits are incomplete, the Court has accessed, and takes judicial notice of, the complete public documents at the Automated City Register Information System (ACRIS) website. ACRIS, Office of the City Register, N.Y.C. Dep't of Finance, http://a836-acris.nyc.gov/CP/ (last visited Sept. 11, 2016).

the transfer documents, alleging that they are "misleading," lack mandatory seals and otherwise violate the law. (*Id.*)

On August 17, 1999, Plaintiff executed a mortgage on the Property for $128,000 payable to Roslyn National Mortgage Corporation ("Roslyn"). (*Id.* ¶ 9; Roslyn Mortgage, annexed to Am. Compl. as Ex. B.) On June 5, 2003, Washington Mutual Bank received full satisfaction of the $128,000 Roslyn Mortgage. (Am. Compl. ¶¶ 10, 11; Satisfaction of Mortgage, annexed to Am. Compl. as Ex. C; Receipt from City Register, annexed to Am. Compl. as Ex. D.) The mortgage satisfaction was recorded on December 30, 2003 in the Office of the City Register in City Register File Number ("CFRN") 2003000540590.

On April 18, 2003, Plaintiff executed another mortgage on the Property for $158,000 payable to Homecomings Financial Network, with the Mortgage Electronic Registration Systems, Inc. ("MERS")[3] as nominee.[4] Approximately three years later, on June 7, 2006, MERS received full satisfaction of Plaintiff's April 18, 2003 mortgage. (Am. Compl. ¶ 12; *see* Recording and Endorsement Cover Page, annexed to Am. Compl. as Ex. E at 28–29.)[5] The mortgage satisfaction was recorded on June 15, 2006 in the Office of the City Register in CFRN 2006000337449.

On May 19, 2006, Plaintiff executed another mortgage on the Property for $315,000 payable to New Century Mortgage Corporation ("New Century"). (Am. Compl. ¶ 12; *see* New

---

[3] Defendant MERSCORP operates MERS as a wholly-owned subsidiary.

[4] *See* ACRIS, https://a836-acris.nyc.gov/DS/DocumentSearch/, Document ID 2003082100315001 (last accessed Sept. 11, 2016).

[5] Because Exhibit E to the Amended Complaint includes multiple cover pages and excerpts of documents, the Court refers to the page numbers assigned by the electronic case filing system ("ECF").

Century Mortgage, annexed to Am. Compl. as Ex. E. at 25–26.)

Plaintiff alleges that on May 26, 2006 "there was a Fraudulent Assignment of Plaintiff's Real Property executed by MERS" to SPS, and that MERS had "no license or authority to transfer interest [in the Property] to [SPS]."[6] (Am Compl. ¶¶ 12, 29.) Plaintiff further alleges that MERSCORP and SPS are involved in a "scheme" to deprive New York residents of their real property through illegal mortgage assignments, (*id.* ¶ 17), and that Plaintiff is a victim of the scheme, (*id.* ¶ 27). According to Plaintiff, MERSCORP effectuates this scheme by misrepresenting to millions of homeowners "that MERS has the legal standing to transfer and [sell] the real property of hard working Americans," concealing the status of mortgage documents and "engaging in numerous acts of mail fraud and/or wire fraud." (*Id.* ¶¶ 24–32.) Plaintiff alleges that her credit report does not accurately reflect her mortgage debt, and that Defendants have failed to correct the inaccuracy. (*Id.* ¶¶ 34.) Plaintiff also alleges that Defendants failed to properly validate Plaintiff's mortgage debt as required under the FDCPA, 15 U.S.C. § 1692g ("Section 1692g"). (*Id.* ¶¶ 34–35.) Plaintiff further alleges that Defendants have no right to record sales and transfers of the Property and have failed to properly record transfers of the Property. (*Id.* ¶¶ 40–42.) Finally, Plaintiff appears to challenge Defendants' standing to notify her of a default on her mortgage loan and to foreclose on the Property, which foreclosure has not yet commenced. (*Id.* ¶¶ 41–42.)

---

[6] Defendants note that SPS currently services Plaintiff's mortgage. (Mem. in Supp. of Def. Mot ("Def. Mem.") 2, annexed to Def. Mot. as Ex. 1.) It is not clear from the Amended Complaint how MERS is alleged to have transferred or assigned the Property to SPS. The mortgage that named MERS as nominee was satisfied on June 7, 2006, and there is no indication that MERS was named the nominee on the New Century mortgage. However, Plaintiff alleges that the "license" of New Century Mortgage "expired in 2007" and Bank of America obtained her mortgage. (Am Compl. ¶ 37.)

4

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

#### ii. Motion to dismiss

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131

F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

b. **Unopposed recommendations**

Plaintiff does not appear to have objected to Judge Bloom's recommendation that the Court dismiss Plaintiff's claims under RICO, the FCRA and New York Executive Law § 63(12). (*See generally* Pl. Obj.) The Court has reviewed the unopposed portions of the R&R and, finding no clear error, the Court adopts these recommendations pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims for violations of RICO, the FCRA and New York Executive Law § 63(12).

### c. Plaintiff's objections

#### i. Quiet title and declaratory judgment claims

Judge Bloom recommended that the Court dismiss Plaintiff's claims to quiet title and for a declaratory judgment that Defendants lack standing to bring a foreclosure action on the Property. (R&R 16.) Objecting to this recommendation, Plaintiff states that "Quiet Title is proper" and that she "rejects hypothetical foreclosure" on the Property. (Pl. Obj. 7.) The Court understands this to be a reiteration of the allegations in the Amended Complaint without additional argument. The Court accordingly reviews for clear error the portion of the R&R assessing Plaintiff's quiet title claim and request for declaratory judgment. *See Chime*, 137 F. Supp. at 187; *see also DePrima*, 2014 WL 1155282, at *3.

As Judge Bloom has accurately noted, Plaintiff cannot quiet title or seek declaratory judgment where she does not face actual or imminent harm as a result of Defendants' assignments of the mortgages. (*See* R&R 16 (first citing *Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 386–87 (E.D.N.Y. 2014); and then citing *Tamir v. Bank of N.Y. Mellon*, No. 12-CV-4780, 2013 WL 4522926, at *3 (E.D.N.Y. Aug. 23, 2013).) Here, Plaintiff has stated that she suffered a "hypothetical foreclosure," (Pl. Obj. 7), which is consistent with Judge Bloom's reading of the Amended Complaint.[7] Judge Bloom considered this argument and noted that, until Defendants commence a foreclosure proceeding against Plaintiff, there is no justiciable controversy before the Court and Plaintiff lacks standing to seek a declaratory judgment of rights under the mortgage. (R&R 16); *cf. Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 81 (2d Cir. 2014) (holding that mortgagors had not suffered an injury as a result of lender's

---

[7] Defendants note that although Plaintiff's mortgage is in default, they have not commenced a foreclosure action against Plaintiff. (Def. Mem. 12.)

7

assignment of their mortgages to securitization trusts, even though trusts had commenced foreclosure proceedings against them, where mortgagors did not pay more than the amounts due).

Finding no clear error in the R&R as to the claims for quiet title and for a declaratory judgment, the Court adopts Judge Bloom's recommendation pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claim to quiet title and Plaintiff's request for a declaratory judgment.

### ii. FDCPA and NYRPL Article 9 claims

Plaintiff states that "Defendants [have] violated the FDCPA by using Deceptive forms, and then failing to validate a debt of an alleged mortgage," (Pl. Obj. 3), and that Defendants have "fail[ed] or refuse[d] or cannot or will not validate where [the mortgage debt] comes from, and then [made] demands for payment," making them debt collectors, (*id.* at 6). Plaintiff further states that MERS fraudulently assigned" the Property "because Plaintiff [had not given] MERS any interest what so ever in [the] Property," (*id.* at 5), and that "only the true owner [of a mortgage] can record [it] . . . . The name is Mortgage Electronic **Registration** Systems, not Record Systems," (*id.* at 7).

The Court construes Plaintiff's statements as objections to Judge Bloom's recommendation that the Court dismiss Plaintiff's claims under the FDCPA, (R&R 11), and NYRPL Article 9, (R&R 14–15). The Court addresses these objections below.

### 1. FDCPA claim

Judge Bloom recommended dismissal of Plaintiff's FDCPA claim after finding that Plaintiff had failed to plausibly allege that either Defendant is a debt collector under the FDCPA. (R&R 12.) The Court understands Plaintiff to object to the R&R's ancillary finding that, even if

8

Defendants were debt collectors, the Amended Complaint fails to sufficiently allege a failure to validate Plaintiff's debt under Section 1692g. (Pl. Obj. 3; *see* R&R 13.)

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)); *see also Benzemann v. Citibank, N.A.*, 806 F.3d 98, 100 (2d Cir. 2015) ("The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002))). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." *Benzemann*, 806 F.3d at 100 (citing 15 U.S.C. § 1692k).

To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. Sept. 23, 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) ("[The FDCPA] grants a private right of action to a consumer who receives a communication that violates the Act.").

"The relevant provisions of the FDCPA apply only to the activities of a 'debt collector,'"

*Schuh v. Druckman & Sinel, L.L.P.*, 602 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (citing 15 U.S.C. §§ 1692e, 1692f, 1692g), and "[a]s a general matter, creditors are not subject to the FDCPA," *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." 15 U.S.C. § 1692a(6); *see Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) ("The [FDCPA's] definition of the term debt collector includes a person who regularly collects or attempts to collect, directly or indirectly, debts owed to . . . another."). However, a "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii); *see Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 96 (2d Cir. 2012). The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4); *see Vincent*, 736 F. 3d at 98.

Although debt collectors are subject to the FDCPA, creditors generally are not, *Maguire*, 147 F.3d at 235, as the FDCPA "limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts," *1077 Madison St. LLC v. March*, No. 14-CV-4253, 2015 WL 6455145, at *3 (E.D.N.Y. Oct. 26, 2015) (citing *Maguire*, 147 F.3d at 235). In addition, "[a] creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 255 (S.D.N.Y. 2008) (quoting *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005)), *aff'd*, 360 F. App'x 255 (2d Cir.

10

2010). Where an entity is assigned "a debt in default solely for the purpose of facilitating collection of such debt for another," it falls outside the definition of a "creditor" under the FDCPA. *Id*. However, even where an entity acquires a defaulted debt, it is not a debt collector where it does not engage in collection activities or where it seeks to collect on its own behalf rather than "for another." *See Izmirligil v. Bank of New York Mellon*, No. 11-CV-5591, 2013 WL 1345370, at *4 (E.D.N.Y. Apr. 2, 2013) ("Plaintiff does not allege, nor does he argue in opposition that he can allege, that either BNYM's 'principal purpose' is the collection of debts or that BNYM 'regularly collects' debts owed another. Rather, plaintiff alleges that BNYM is a 'debt collector' simply 'because [BNYM] took an assignment of the alleged debt while the debt was allegedly in default.'"); *Pereira v. Ocwen Loan Servicing*, LLC, No. 11-CV-2672, 2012 WL 1379340, at *3 (E.D.N.Y. Mar. 12, 2012) ("[I]f the note and mortgage were assigned to Ocwen, then [Ocwen] is not a debt collector as defined by the FDCPA unless the transfer of the debt in default was solely for the purpose of facilitating collection of the debt for another."), *report and recommendation adopted*, No. 11-CV-2672, 2012 WL 1381193 (E.D.N.Y. Apr. 18, 2012); *Burns*, 655 F. Supp. 2d at 254 (finding that the defendant was not a debt collector where "[t]he record show[ed] that [the defendant] 'sought to collect its own [$111,000.00] debt from [the] [p]laintiff' relating to the Minnesota Property; [the defendant] '[was] in the business of, among other things, financing mortgages for home buyers'; and its 'principal business [was] not debt collection'") (fourth and fifth alterations in original).

Judge Bloom properly found that the Amended Complaint alleges no facts from which to consider MERSCORP or SPS a debt collector. (R&R 12.) Although Plaintiff's principal allegation is that SPS failed to validate her debt upon request, (Am. Compl. ¶¶ 34–35), Plaintiff has no recourse under the FDCPA unless SPS is subject to the FDCPA. Assuming, as

11

Defendants have noted in their motion, that SPS does service Plaintiff's mortgage, Plaintiff has not alleged that her mortgage was in default at the time that SPS began servicing it. *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of a "debt collector" a person or entity that attempts to collect a debt "which was not in default at the time it was obtained by such person"). Furthermore, the Amended Complaint does not allege that MERSCORP had any involvement in collecting Plaintiff's mortgage debt. Thus, although Plaintiff maintains that SPS failed to validate her mortgage debt, Plaintiff's claim under the FDCPA fails as to SPS because SPS was not acting as a debt collector with respect to her mortgage, and fails as to MERSCORP for want of any allegation that MERSCORP was involved in collecting Plaintiff's mortgage debt. The Court therefore dismisses Plaintiff's claim under the FDCPA.

### 2. NYRPL Article 9 claim

Judge Bloom found that Plaintiff failed to state a claim under Article 9 of the NYRPL, §§ 290–336, because Plaintiff did not identify any transfers or liens regarding the Property that Defendants failed to record. (R&R 14–15.) Plaintiff appears to object principally to MERS' ability to record the transfer or assignment of the servicing rights to her mortgage, and argues that as a result, her current mortgage should be deemed invalid. (Pl. Obj. 5, 7.)

Section 291 of the NYRPL provides, in pertinent part, that:

> [a] conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by [the Real Property Law], and such acknowledgment or proof duly certified when required by [such law], may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor record the same in his said office.

N.Y.R.P.L. § 291. Plaintiff's argument is similar to that raised by Suffolk County in *MERSCORP, Inc. v. Romaine*, which decided a challenge by MERSCORP to compel the Suffolk

County Clerk's Office to record and index mortgages and assignments of mortgages that included MERS as the mortgagee or lender's nominee. *See MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 96 (2006). In that case, Suffolk County argued that "the MERS mortgage is improper because that mortgage names MERS, an entity that has no interest in the property or loan, as the 'nominee' for the lender," and thus "is not a proper 'mortgagee' and the document created cannot be considered a proper 'conveyance' for purposes of the recording statute." *Id.* at 97. The New York Court of Appeals disagreed, holding that MERS assignments meet the limited requirements of NYRPL Article 9 and that Suffolk County was required to record them. *Id.* at 98–99. Thus, the New York Court of Appeals has already addressed the validity of MERS' assignments under NYRPL Article 9.

Finally, to the extent that Plaintiff is arguing that her mortgage debt is invalid because Defendants failed to record each transfer or assignment, "[t]he assignment of a mortgage need not be recorded for the assignment to be valid." *Rajamin*, 757 F.3d at 91. Because Plaintiff has not alleged a violation of NYRPL Article 9, the Court dismisses Plaintiff's claim under NYRPL Article 9.

**III. Conclusion**

For the foregoing reasons, the Court adopts Judge Bloom's R&R in its entirety. The Court grants Defendants' motion to dismiss Plaintiff's claims brought pursuant to RICO, the FDCPA, the FCRA, New York Executive Law § 63(12) and NYRPL Article 9. The Court also denies Plaintiff's claim to quiet title and her request for declaratory judgment. The Clerk of Court is directed to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 13, 2016
       Brooklyn, New York